```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

JEROME BURGESS,
a/k/a Sham'la God Allah,

        Plaintiff,

v.                                Case No. 3:18-cv-277-J-39MCR

CAPTAIN (JOHN) WHITEHEAD,
et al.,

        Defendants.
_____

## **ORDER**

### **I. Status**

Plaintiff Jerome Burgess initiated this action on February 23, 2018, by filing a pro se civil rights complaint (Doc. 1). Plaintiff is proceeding on an Amended Complaint (Doc. 6; Amended Complaint)[1] against eight individuals for alleged violations of the Eighth Amendment (unnecessary use of force and deliberate indifference to serious medical needs). This cause is before the Court on the following motions: (1) Plaintiff's Motion for an Order Compelling Discovery (Doc. 36; Motion to Compel); (2) Plaintiff's Motion for Appointment of Counsel (Doc. 37; Motion for Counsel);

---

[1] The Court notes that Defendants mistakenly answered Plaintiff's second amended complaint (Doc. 13), despite the Court's order directing them to answer the Amended Complaint. See Order (Doc. 27). Plaintiff's second amended complaint was stricken. See Order (Doc. 18).

(3) Plaintiff's Motion for a[n] Order to Subpoena (Doc. 38; Motion for Subpoena); and (4) Defendants' Motion for Extension of Time to Serve Interrogatory Responses (Doc. 42). The Court will substantively address Plaintiff's motions and will address Defendants' motion in the decretal. Because Plaintiff's Motion to Compel and Motion for Subpoena each concern Plaintiff's efforts to obtain discovery, the Court will address those motions first.

## II. Motion to Compel & Motion for Subpoena

Plaintiff's Motion to Compel addresses Defendants' attorney's responses to two categories of documents sought in his Request for Production. See Motion to Compel at 1-2. First, Plaintiff states that he requested a copy of his medical and mental health records for a seven-month period, from January 2016 to August 2016. Id. at 1. According to Plaintiff, Defendants' attorney denied the request because Plaintiff refused to sign a release for the records. Id. at 2. Second, Plaintiff states that he requested employee records for two of the eight Defendants, which would show "any on-going investigation(s) . . . [of] any excessive use of force(s) [sic] complaints by any inmate or any type of complaint(s) [where] inmates claim[ed] [a] denial of medical treatment." Id. Plaintiff asserts Defendants' attorney denied the request stating that Plaintiff was engaged in a "fishing expedition" and not entitled to the material requested. Id.

2

In response to the Motion to Compel (Doc. 39; Response), Defendants' attorney asserts Plaintiff did not attempt to confer in good faith, Plaintiff may access his medical records himself by submitting an inmate request, and Defendants' personnel records are not relevant and would be inadmissible at trial to show prior bad acts. See Response at 2-3.

In his Motion for Subpoena, Plaintiff seeks evidence and documents that he requested from Defendants in his Request for Production, which Defendants denied having "in their possession, care, custody[,] or control," including video footage, a list of inmates who were housed near Plaintiff around the time of the incident, and a copy of Defendants' discipline records. Motion for Subpoena at 1-2. Plaintiff does not cite a procedural rule that provides the basis for the relief he seeks, even though it appears he seeks relief under Federal Rule of Civil Procedure 45. Defendants have not responded to Plaintiff's Motion for Subpoena. See Docket.

Plaintiff's Motions are due to be denied, because it appears the parties have not conferred in good faith, and they may be able to resolve the disputes if they do so. First, Plaintiff's Motion for Subpoena is due to be denied because Plaintiff seeks records that Defendants declined to provide him in response to his Request for Production. To the extent Plaintiff's Motion for Subpoena

3

reflects a discovery dispute between the parties, a subpoena directed to a non-party is not necessary. See Wright v. Young, No. 4:10-CV-474-SPM-GRJ, 2012 WL 3024431, at *1 (N.D. Fla. July 24, 2012) (noting that a request for issuance of a subpoena directed to a non-party should be denied if the requesting party is able to obtain the same information through a valid request for production of documents directed to the defendants).

Second, even if the Court were inclined to grant the Motion to Compel in part, the Court would be unable to fashion an appropriate remedy because the nature and scope of the disputed requests are unclear. The discovery requests Plaintiff describes in his Motion to Compel do not quite align with the wording of the original requests, as included in an exhibit Plaintiff provides with his response to Defendants' Response (Doc. 43; Reply) (Doc. 43-1; RFP Requests & Response).[2] For instance, Plaintiff's original requests for medical/mental health records are narrower than those described in his Motion to Compel. In three separate requests, Plaintiff seeks medical and mental health records for his treatment with specific individuals on three discrete dates. Compare RFP Requests & Response at 4-5 with Motion to Compel at 1. With respect

---

[2] The Court notes that Plaintiff filed the Reply without seeking leave of Court. See M.D. Fla. R. 3.01(c). Thus, Plaintiff's Reply is due to be stricken.

4

to personnel records, Plaintiff's original request is directed to all Defendants, not only the two Defendants identified in his Motion to Compel. Compare RFP Requests & Response at 4 with Motion to Compel at 1.

And, Defendants' attorney's asserted objections to Plaintiff's requests for medical and mental health records indicate this dispute may now be moot. For example, in response to the Request for Production, Defendants' attorney objected, saying Defendants did not have Plaintiff's medical records and could not obtain them because Plaintiff refused to sign a release. See RFP Requests & Response at 5. In the Response to the Motion to Compel, however, Defendants' attorney does not dispute that Plaintiff signed a release but asserts Plaintiff is able to access the medical records himself by submitting an inmate request. See Response at 2.

Given the above, the Court will direct the parties to confer in good faith, as required by this Court's Local Rules and the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(a)(1); M.D. Fla. R. 3.01(g). After all, the purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996). As to Plaintiff's request for personnel records, the Court reminds Defendants'

5

attorney that admissibility is not the yardstick for discovery. Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery relevant to the party's claim or defense, regardless of whether the evidence would be admissible at trial. See Fed. R. Civ. P. 26(b)(1).[3]

Moreover, a party opposing discovery must do more than state a generic, boilerplate objection. Rather, the party must make some showing that the stated objection is appropriate. See Diehl v. Bank of Am. Corp., No. 3:09-cv-1220-J-25MCR, 2010 WL 3340565, at *3 n.4 (M.D. Fla. Aug. 23, 2010) (citing Calderon v. Reederei Claus-Peter Offen GmbH & Co., No. 07-61022-CIV, 2008 WL 4194810, at *2 (S.D. Fla. Sept. 11, 2008) ("[A] party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome.")).

As to the medical/mental health records, the parties shall discuss whether Defendants now have records that are responsive to Plaintiff's request and whether Plaintiff is able to obtain the

---

[3] The Court notes, without ruling on any specific request, that if disciplinary files exist documenting instances of excessive use of force or denial of medical treatment, they may be relevant to Plaintiff's claims. The parties shall confer regarding the scope of Plaintiff's request for personnel records, including the type of records sought, the Defendants to whom the request is directed, and a reasonable time period for which records are sought.

6

evidence himself.[4] As to the video evidence, it is unclear whether any relevant videos exist. If Defendants have video evidence of the incident that is the basis of Plaintiff's claims, they should make such evidence available for Plaintiff's inspection. Finally, the parties shall discuss whether any evidence exists of inmate witnesses.

The parties should be able to reach a resolution as to all disputed discovery requests without further Court intervention and without the need for issuance of a subpoena to a non-party. Thus, the Court will deny Plaintiff's Motion to Compel without prejudice to Plaintiff's right to seek appropriate relief if the parties are unable to reach an agreement after conferring in good faith. The Court will deny Plaintiff's Motion for Subpoena.

### III. Motion for Counsel

Plaintiff moves the Court to appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." However, a plaintiff in a civil case does not have a constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. Bass v. Perrin,

---

[4] Plaintiff asserts he is prevented from seeking his protected health information because it is being used in the course of a civil lawsuit, citing Florida Administrative Code section 33-401.701 (Doc. 43). However, Plaintiff offers no evidence that he requested and was denied the medical records he seeks.

170 F.3d 1312, 1320 (11th Cir. 1999). Appointment of counsel for an indigent civil litigant is a privilege, not a right. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). A court should appoint counsel in a civil case only in "exceptional circumstances." Bass, 170 F.3d at 1320. In determining whether to appoint counsel, a court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

This case is not so complex legally or factually to prevent Plaintiff from presenting the essential merits of his position to the Court. The Court finds Plaintiff has not shown exceptional circumstances that would warrant the appointment of counsel at this time. Accordingly, Plaintiff's Motion for Counsel is due to be denied without prejudice. The Court, however, may reconsider Plaintiff's request if the circumstances of the case change (for example, if the case proceeds to trial).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for an Order Compelling Discovery (Doc. 36) is **DENIED without prejudice.**

2. Plaintiff's Motion for a[n] Order to Subpoena (Doc. 38) is **DENIED**.

3. The Court directs the parties to confer in good faith to resolve the discovery disputes mentioned in this Order. To the extent Defendants have documents or other materials in their possession that are responsive to Plaintiff's reasonable and relevant requests, and Plaintiff legitimately is unable to obtain those documents himself through an inmate request, Defendants shall arrange for Plaintiff's inspection of the documents. By **February 25, 2019,** counsel for Defendants shall file a notice with the Court advising whether the parties have conferred in good faith and reporting the outcome of such communications. Considering the Court's instruction to the parties to confer regarding discovery disputes, the Court will, by a separate order, extend the remaining deadlines in this case.

4. Plaintiff's Motion for Appointment of Counsel (Doc. 37) is **DENIED without prejudice**.

5. Defendants' Motion for Extension of Time to Serve Defendants' Interrogatory Responses (Doc. 42) is **GRANTED**. If Defendants have not yet served their responses, they shall do so by **February 8, 2019.**

6. Plaintiff's Response to Defendants' Response to Motion to Compel (Doc. 43) is **STRICKEN.**

7. Defendants' Answers (Docs. 29, 33) are **STRICKEN**. Defendants must answer the Amended Complaint (Doc. 6) within twenty days of the date of this order.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of January, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
Jerome Burgess, a/k/a Sham'la God Allah, #990922
Counsel of Record